IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FURMAN OSBOURNE,

        *Petitioner,*

v.

SUP'T JOHN KERESTES, et. al.,

        *Respondents.*

CIVIL ACTION
NO. 15-6493

## ORDER

**AND NOW**, this 19th day of May, 2016, upon careful and independent consideration of the petition for a Writ of *Habeas Corpus* (ECF No. 1), Respondents' Motion to Suspend the Briefing Schedule (ECF No. 6), the Report and Recommendation of United States Chief Magistrate Judge Linda K. Caracappa (ECF No. 11) and Petitioner Furman Osbourne's ("Osbourne") objections thereto[1] (ECF No. 14), it is **ORDERED** that:

1. Osbourne's Objections are **OVERRULED**;[2]

---

[1]     Local Rule of Civil Procedure 72.1(IV)(b) provides that a party may object to a magistrate judge's report "within fourteen (14) days after being served with a copy thereof." Magistrate Judge Caracappa filed her Report and Recommendation (R & R) on March 31, 2016. (ECF No. 11.) Copies were sent to all parties on April 1, 2016, rendering any objections due by April 15, 2016. (ECF No. 13.) Osbourne filed his objections on April 18, 2016. (ECF No. 14.) Even though the fourteen day period to file objections ended on April 15, 2016, Osbourne had an additional three days to file his objections pursuant to Federal Rule of Civil Procedure 6(d) because the Clerk of Court served the R & R upon him by mail. *See, e.g.*, *Neiman v. Astrue*, No. 09-cv-4472, 2011 WL 816779, at *2 (E.D. Pa. Mar. 8, 2011) (concluding that habeas petitioner was "entitled to an additional three days under Federal Rule of Civil Procedure 6(d) because the R & R was served on him by mail"). Accordingly, the Court conducted a de novo review of the portions of the R & R pertaining to Osbourne's objections. *See* 28 U.S.C. § 636(b)(1).

[2]     Osbourne's first objection contends that the exhaustion requirement should be excused given that his case is no longer "proceeding normally" in the state system. (Pet'r's Objs. at 2, ECF No. 14.) He contends that the trial court "fail[ed] to transmit the entire record to the Superior Court, after being placed on Notice regarding the delinquent record on November 4, 2015." (*Id.*) A review of the superior court's docket, however, shows that it received the trial court record on March 10, 2016—more than a month before Osbourne filed his objections. *See Commonwealth v. Furman Osbourne*, No. 2432 EDA 2015, Docket (Pa. Super. Ct. Mar. 10, 2016) (Trial Court Record Received). Osbourne also contends that he has a pending "Application to Correct [the] Record." (Pet'r's Objs. at 2.) He offers no reason for why a pending motion before the superior court renders the state proceedings unavailable. (*Id.*) In any event, the superior court recently denied this motion on May 16, 2016. *See Commonwealth v. Furman Osbourne*, No. 2432 EDA 2015, Docket (Pa. Super. Ct. May 16, 2016) (Order Denying

2.  The Report and Recommendation is **APPROVED** and **ADOPTED**;

3.  The petition for a Writ of *Habeas Corpus* is **DISMISSED** without prejudice;

4.  Respondents' Motion to Suspend the Briefing Schedule is **DENIED**;

5.  There is no probable cause to issue a certificate of appealability;[3] and

6.  The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

Application for Correction of the Original Record). Thus, Osbourne's case is "proceeding normally" and setting aside the exhaustion requirement is not warranted for the reasons stated in the R & R. *See Cristin v. Brennan*, 281 F.3d 404, 411 (3d Cir. 2002) (even where there has been excessive delay, district courts are instructed to "stay their consideration of habeas petitions when previously stalled state proceedings resume").

Osbourne's second objection argues that the Court should excuse the exhaustion requirement because the trial court mistakenly entered a July 17, 2015 order dismissing his petition as untimely. (Pet'r's Objs. at 2–4.) Osbourne contends that this confusion caused delay and rendered the state proceedings effectively unavailable. (*Id.*) This objection also lacks merit. As discussed in the R & R, the trial court set aside its July 17, 2015 order on March 9, 2016. (Report and Recommendation at 9 n.2, ECF No. 11.) The court addressed the merits of Osbourne's claims and noted its mistake in dismissing his petition as untimely. (ECF No. 9.) The court also observed that Osbourne suffered no prejudice since his appeal to the superior court was timely made. (*Id.*) Thus, Osbourne's case is proceeding normally and the exhaustion requirement will not be set aside.

To the extent there has been any delay in the superior court proceedings, it stems from the Osbourne's filings. Since the R & R was filed, Osbourne has filed two applications to extend the superior court's briefing deadline. *See Commonwealth v. Furman Osbourne*, No. 2432 EDA 2015, Docket (Pa. Super. Ct. Mar. 31, 2016 and May 3, 2016) (Applications for Extensions of Time to File Briefs). The superior court granted Osbourne's March 31, 2016 application and extended the deadline to May 19, 2016. *Id.* The court granted his May 3, 2016 application and extended the deadline to July 18, 2016. *Id.* In its last extension, however, the court noted that "[n]o further extensions will be granted absent extraordinary circumstances." *Id.* Osbourne cannot credibly argue that the state proceedings are effectively unavailable when he is causing the delay.

[3]  When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that Osbourne's claims are unexhausted and proceeding normally through the state system.